## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

OMAR GREGGS,                          )
                                      )
       Movant,                  )
                                      )
v.                                    )      **Civil Action No. 5:04-0883**
                                      )      **(Criminal No. 5:02-0026-02)**
THE UNITED STATES OF AMERICA,         )
                                      )
       Respondent.              )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. (Document No. 127.)[1] Having conducted a thorough examination of the record in this matter, the underlying criminal proceedings and the Fourth Circuit Court of Appeals, the undersigned has determined that the record conclusively shows that Movant is entitled to no relief and respectfully recommends that this matter be dismissed.

### FACTUAL AND PROCEDURAL BACKGROUND

In Count Two of a two-count Indictment filed on January 29, 2002, Movant and Mr. Jermaine Caldwell were alleged to have distributed and aided and abetted each other in distributing fifty grams or more of cocaine base on or about January 2, 2002, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.[2] (Criminal No. 5:02-0026, Document No. 18.) Movant entered

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] On February 20, 2002, Mr. Caldwell pled guilty to Count One of the Indictment which charged him with conspiring to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846. Mr. Caldwell cooperated and testified at Movant's trial. The United States requested that the District Court depart in sentencing him based upon his substantial assistance. The District

a plea agreement on February 13, 2002, agreeing to plead to the charges contained in Count Two of the Indictment. (Id., Document No. 31.) At a plea hearing on February 20, 2002, Movant would only admit that his and Mr. Caldwell's dealings involved powder cocaine, not cocaine base. For this reason, the District Court rejected Movant's plea as "factually insufficient to support a conviction on the offense charged in Count Two." (Document No. 33.) The case against Movant was tried to a Jury on April 2 and 3, 2002, and the Jury found Movant guilty. (Id., Document No. 84.) On August 19, 2002, the District Court sentenced Movant to 264 months in prison and a five year term of supervised release and imposed an $8,000 fine and a $100 special assessment. The District Court also ordered that 25% of Movant's earning were to be devoted to child support. (Id., Document No. 102.) Movant appealed challenging the District Court's refusal to accept his guilty plea, denial of his Motion for Acquittal and determination that he failed to accept responsibility for his conduct. The Fourth Circuit affirmed the District Court's decision. United States v. Greggs, 60 Fed.Appx. 433(4th Cir. (W.Va.), Mar. 17,2003). Movant sought review in the United States Supreme Court, and the Supreme Court denied it. Greggs v. United States, 540 U.S. 866, 124 S.Ct. 184, 157 L.Ed.2d 120 (October 6, 2003).

Movant, acting *pro se*, filed his Section 2255 Motion initiating this matter on August 17, 2004. (Document No. 127.) Movant states the following three grounds for *habeas* relief:

1    The Indictment failed to charge an independent/substantive offense; and therefore the Indictment is 'void ab initio.' The offense charged in the Indictment fails to charge 'any' independent/substantive offense, (i.e. substantive crime which includes an offense under 21 U.S.C. § 841(a)(1) 'and' § 841(b)). More importantly, the omission misled the Petitioner to his prejudice, due to the omission of an essential element of the charged offense,

---

Court sentenced Mr. Caldwell on May 28, 2002, to 96 months in prison and a five year term of supervised release and imposed a $100 special assessment.

(the omission of an entire offense under § 841(b)). The Petitioner's Fifth Amendment 'Due Process' right, and his Sixth Amendment right to both 'notice', and a trial by jury were in fact violated.

2.    Officers of the Court conspired to amend the Petitioner's offense that was charged in the Indictment during the sentencing phase. The Petitioner asserts that the officers of the Court conspired during the sentencing phase to 'amend' the offense charged in the Indictment. The offense pursuant to § 841(a)(1) and included an 'aggravated offense' pursuant to § 841(b). This violated the Petitioner's Fifth Amendment 'Due Process' right, and his Sixth Amendment right to 'notice', and a 'trial by jury.'

3.    All the Guideline enhancements that were applied in this case were applied 'unconstitutionally.' The Petitioner asserts that criminal defendants are entitled to a jury determination of any facts in which legislature condition an increase in a defendant's maximum sentence. In the case herein, the District Court alone decided the facts in which enhanced the Petitioner's sentence. This violated the Petitioner's Fifth Amendment 'Due Process' right, and his Sixth Amendment right to 'notice' and 'a trial by jury.'

On January 20, 2006, Movant filed a Supplemental Brief. (Document No. 133.) In the "Background" section of his Supplemental Brief, Movant summarizes the grounds which he asserted initially in his Section 2255 Motion as follows:

On August 16, 2004, Petitioner submitted before this Court his Motion under 28 U.S.C. § 2255. In his brief, Petitioner argued that his conviction was obtained in violation of the Fifth and Sixth Amendment to the United States Constitution.; that his trial attorney was ineffective for failing to challenge the constitutional soundness of the Indictment; his trial attorney was ineffective for failing to object to the jury instruction which did not specify whether the drug charged in the Indictment was crack cocaine or cocaine powder; that his trial attorney failed to object to the quantity of drug attributed to him for sentencing, and whether the drug Petitioner allegedly distributed was crack cocaine rather than cocaine powder; and that he was denied due process in that the Indictment failed to outline the specific elements of the offense and the degree of punishment that Petitioner was exposed to.[3]

Movant goes on to contend that his Fifth and Sixth Amendment rights were violated in light of

---

[3] Movant did not raise ineffective assistance of counsel in his Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 as a basis for seeking *habeas* relief. The undersigned regards Movant's Motion as amended to include the claim as he raises it in his Supplemental Brief.

3

United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005).

On April 27, 2006, Movant filed a Memorandum in Support of his Section 2255 Motion. (Document No. 137.) Movant alleges that his conviction was obtained in violation of the Fifth and Sixth Amendments of the United States Constitution and the laws of the United States as follows:

1.  The Indictment under which Petitioner was charged and convicted was constitutionally defective. Specifically, the language of the Indictment failed to illustrate the required elements necessary to establish an offense of aiding and abetting against the United States.

2.  Petitioner was entitled to a jury instruction on a defense theory on whether the drug charged in the Indictment was cocaine base (crack) or cocaine powder, when the theory has a basis in law and on the record.

3.  It was constitutional error for the District Court to sentence Petitioner as if he had been convicted of a specified drug amount. When the jury made no finding as to the type of drug, or the amount, Petitioner's substantial rights were affected, and the fairness of the proceedings were undermined since the error substantially increased Petitioner's sentence.

4.  Under 21 U.S.C. § 841(a)(1) and 841(b)(1), et seq., the drug quantity is a critical element which must be plainly set out in the Indictment. Failure to do so constitutes a bar to an enhanced sentence.

5.  Any act used to enhance Petitioner's sentence must be part of the same course of conduct or common scheme or plan as offense of conviction and must be proven by reliable evidence.

6.  Under the Due Process Clause of the Fifth Amendment and under the notice of jury trial guarantee of the Sixth Amendment, 'any fact other than a prior conviction that increases the maximum penalties under the Federal Sentencing Guidelines for a crime has to be charged in the Indictment, submitted to a jury, and proved beyond a reasonable doubt.'

7.  Petitioner was denied due process and his substantial rights were violated when the Indictment failed to properly inform him of the undue and unjustified punishment, consequences, and seriousness of the charge, which the Fifth and Sixth Amendment expressly mandates. Petitioner's Indictment does not outline or define a complete offense because it includes no provision for punishment. The fairness of the proceedings was undermined since the error clearly allowed the government to do what it pleased when it came to

4

determining punishment arbitrarily setting the level of punishment after the fact at any Guideline level it deemed appropriate.

## DISCUSSION

The relevant portion of § 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Issues which have been raised and decided on direct appeal ordinarily may not be considered again under Section 2255. In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not in addition to or a substitute for a direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

5

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); *See also* United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), *cert. denied*, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. *See* Theodorou*, supra*, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under § 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard

6

of reasonableness.  Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066.  There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel.  Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977) The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was

constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. <u>Strickland</u>, 466 U.S.  at 687 - 88, 104 S.Ct. at 2064 - 2065; <u>Fitzgerald v. Thompson</u>, 943 F.2d. 463 (4th Cir. 1991), *cert. denied*, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992).

Clearly, all of Movant's allegations respecting the insufficiency and unconstitutionality of the Indictment, trial proceedings in the District Court and the District Court's enhancement of his sentence under the Sentencing Guidelines must fail under the standard which applies in these *habeas* proceedings as discussed above. There is no indication in the record that exceptional circumstances exist or a fundamental defect occurred in Movant's prosecution and sentencing which would permit the District Court to consider the issues which Movant raises to the extent that they are non-constitutional. It is further not evident that good cause exists for and prejudice will result from Movant's failure to raise the constitutional issues such that the District Court may consider them in these collateral proceedings when Movant did not raise them on direct appeal.

Further considering Movant's claims though the District Court has no basis to do so, it is clear that they are without merit. First, Count Two of the Indictment was clearly in conformity with Rule 7(c) of the Federal Rules of Criminal Procedure requiring that "[t]he indictment . . . must be a plain, concise, and definite statement of the essential facts constituting the offense charged . . .." The Indictment alleged that Movant and Mr. Caldwell distributed and aided and abetted each other in distributing fifty grams or more of cocaine

base on or about January 2, 2002, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The Indictment therefore identified Movant as committing a specific violation of federal law involving a specific amount of a specific controlled substance on or about a specific date.

Second, the undersigned considers Movant's contention that he is entitled to *habeas* relief on the basis of the United States Supreme Court's decision in United States v. Booker in view of the Supreme Court's earlier decisions in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362 - 63, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The United States Supreme Court decided Apprendi in June, 2000, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely, the Supreme Court reaffirmed the Court's holding in Apprendi and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment.[4] Blakely, 542 U.S. at 303, 124 S.Ct. at 2537. In Booker, the Supreme Court applied the holding in Blakely to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S.Ct. at 756. These cases have no retroactive application. *See* United States v. Morris, 429 F.3d 65 (4th Cir. 2005); San Miguel v. Dove, 291

---

[4] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at __, 124 S.Ct. at 2537 (emphasis in original).

9

F.3d 257, (4ᵗʰ Cir. 2002)(" . . . <u>Apprendi</u> claims may not be raised on collateral review. * * * And this is as clear for § 2241 claims as it is for claims brought under 28 U.S.C. § 2255."); <u>United States v. Sanders</u>, 247 F.3d 139, 146 (4ᵗʰ Cir. 2001)(" . . . <u>Apprendi</u> does not apply retroactively to cases on collateral review.") As Movant stands convicted of distributing fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), Movant is entitled to no relief under this line of Supreme Court decisions. The statutory penalty for the offense of Movant's conviction was "a term of imprisonment which may not be less than ten years or more than life . . .." 21 U.S.C. § 841(b)(1)(A)(iii). Because the maximum statutory penalty for Movant's offense of conviction was life in prison, the fact finding requirements of <u>Apprendi</u>, <u>Blakely</u> and <u>Booker</u> did not apply. *See* <u>United States v. Kinter</u>, 235 F.3d 192, 201, (4ᵗʰ Cir. 2000), *cert. denied*, 532 U.S. 937, 121 S.Ct. 1393, 149 L.Ed.2d 316 (2001); <u>United States v. Martin</u>, 29 Fed.Appx. 178, 181, 2002 WL 246581 (C.A.4(Va.))("<u>Apprendi</u> does not apply to judicial factfinding under the Guidelines as long as the sentence does not exceed the statutory maximum term set out in the statute.")

Finally, the undersigned finds that because Movant has failed to present a single issue which the Court can consider in these collateral proceedings and in any event Movant has failed to demonstrate that any error occurred in his prosecution and sentencing, Movant cannot demonstrate that his trial and appellate attorney's performance was objectively deficient or unreasonable or that the results in the District and Appellate Courts would have been different had his trial and appellate attorney raised them. Movant's claim that his trial and appellate attorney was ineffective in representing him is therefore without merit.

For all of the foregoing reasons, the undersigned finds that the record conclusively demonstrates that Movant is entitled to no relief, and therefore it is not necessary to hold an evidentiary hearing in this matter.

### PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 (Document No. 127.), **DISMISS** this matter and remove this matter from the Court's docket.

Movant is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Movant shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727

F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge, District Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy to Movant who is acting *pro se.* The Clerk is notified that the BOP's Inmate Locator indicates that Movant is currently incarcerated at FCI Schuylkill, Minersville, Pennsylvania and that a copy of this Proposed Findings and Recommendation should be mailed to Movant there.

Date: August 6, 2007.

R. Clarke VanDervort
United States Magistrate Judge

12